UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANNA ROSSER, Individually
and on behalf of all others similarly
situated,

    Plaintiff,

v.                                       Case No.:  2:23-cv-1107-SPC-KCD

GROWIN ESTATE LLC,

    Defendant.
_____/

## REPORT & RECOMMENDATION

Before the Court is Plaintiff Dianna Rosser's Motion for Entry of Default Judgment against Defendant Growin Estate, LLC. (Doc. 21).[1] A clerk's default was entered against Growin (Doc. 20) because it did not answer despite having been served (Doc. 15). Growin also failed to respond to the pending motion, and the time to respond has passed.

Having reviewed Rosser's motion and the complaint, the Court recommends entering default judgment for Rosser and awarding her $1,000 in statutory damages. The Court also recommends dismissing Rosser's claims to

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

represent a class of similarly situated persons and obtain injunctive relief because they have been abandoned.

## I. Background

The Court takes the facts below from the complaint, which Growin admitted by its default. Rosser registered her telephone number with the National Do Not Call Registry. (Doc. 1 ¶¶ 1, 11.) Nevertheless, she received two unsolicited text messages from Growin that offered leads to prospective home buyers and sellers in return for a fee. (*Id.* ¶¶ 18-19.) She alleges these unwanted text messages injured her by "deplet[ing] her phone's data [and] storage," "violat[ing] and disturb[ing] [her] privacy," "occupying and using [her] telephone and depriving her of its use for wanted communications," and forcing her "to spend time and energy to review the unwanted text messages and delete them." (*Id.* ¶¶ 2, 21-22.)

Rosser sued Growin alleging it violated the Telephone Consumer Protection Act ("TCPA"). Despite having been served, Growin did not answer or otherwise appear. (Docs. 15, 20.) That brings us to the current motion. Rosser now seeks a final judgment against Growin. (Doc. 21.)

## II. Legal Standard

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Golembiewski v. Waters Pointe Apartments, LLC*, No. 823CV00081KKMAEP, 2023 WL 4931218, at *2 (M.D. Fla. June 27, 2023).

2

"The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment." *Petition of Daytona Beach Aqua Safari, Inc. v. Castle*, No. 6:22-CV-740-CEM-DCI, 2023 WL 2329090, at *1 (M.D. Fla. Feb. 10, 2023). First, when a defendant "fails to plead or otherwise defend," the clerk enters default. *Id*. By defaulting, the defendant admits the well-pleaded factual allegations in the complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). "Second, after obtaining [a] clerk's default, the plaintiff must move for default judgment." *Daytona Beach Aqua Safari, Inc.*, 2023 WL 2329090, at *1.

"Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations in the complaint, which are assumed to be true, adequately state a claim for which relief may be granted." *Golembiewski*, 2023 WL 4931218, at *2. "The validity of an order of a federal court depends upon that court having jurisdiction over both the subject matter and the parties." *Nu Image, Inc. v. Does 1-3,932*, No. 2:11-CV-545-FTM-29, 2012 WL 1890829, at *2 (M.D. Fla. May 24, 2012).

### III. Discussion

#### A. Subject Matter Jurisdiction

Rosser sues Growin under the TCPA. (Doc. 1 ¶ 35-43.) The Court has subject matter jurisdiction over this claim because it presents a federal question. 28 U.S.C. § 1331.

#### B. Personal Jurisdiction

"The Due Process Clause . . . protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Thomas v. Brown*, 504 F. App'x 845, 847 (11th Cir. 2013). Thus, before entering default judgment, the Court must assure itself that service was proper and that it has jurisdiction over Growin. *Golembiewski*, 2023 WL 4931218, at *3. If any of these requirements are missing, the judgment against Growin would be void. *Nu Image, Inc.*, 2012 WL 1890829, at *2.

**1. Rosser Properly Served Growin**

Rule 4(h) governs service on a corporation. It provides that Rosser could serve Growin by delivering copies of the summons and complaint to its registered agent. Fed. R. Civ. P. 4(h)(1)(B). According to the Florida Division of Corporations, Growin's registered agent is Northwest Registered Agent, LLC. *See* Florida Division of Corporations, https://search.sunbiz.org/Inquiry/CorporationSearch/ByName (last visited

4

Feb. 20, 2024). The return of service attests that copies of the summons and complaint were served on Khole Lowe in Northwest Registered Agent's St. Petersburg office. (Doc. 15 at 1.) This establishes a prima facie case of proper service. *Udoinyion v. The Guardian Sec.*, 440 F. App'x 731, 735 (11th Cir. 2011).

### 2. This Court has General Jurisdiction Over Growin and Maintenance of the Suit Would Not Violate Due Process

"A court may exercise personal jurisdiction over a defendant based on general or specific personal jurisdiction." *Knepfle v. J-Tech Corp.*, 48 F.4th 1282, 1292 (11th Cir. 2022). Corporations are subject to a court's general personal jurisdiction in states where they are incorporated or have their principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). According to the Florida Division of Corporations, Growin's principal place of business is St. Petersburg, Florida. *See* Florida Division of Corporations, https://search.sunbiz.org/Inquiry/CorporationSearch/ByName (last visited Feb. 20, 2024). As a result, this Court has general personal jurisdiction over Growin, and maintenance of the suit in Florida will not violate due process.

### C. Rosser States a Claim for Relief

Entry of a default judgment is warranted only when "the well-pleaded allegations in the complaint actually state a substantive cause of action and that a substantive, sufficient basis exists in the pleadings for the particular

5

relief sought." *Golembiewski*, 2023 WL 4931218, at *2. A sufficient basis is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id*. Thus, the Court must evaluate whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

Rosser sues Growin for violating § 227(c)(5) of the TCPA and § 64.1200 of its implementing regulations. (Doc. 1 ¶¶ 35-43, Doc. 21 at 3.) "[T]o state a claim under section 227(c)(5)[,] a plaintiff must allege (1) receipt of more than one telephone call [or text message] within any 12-month period (2) by or on behalf of the same entity (3) in violation of the regulations promulgated by the FCC." *Baxter v. VSC LLC*, 2018 U.S. Dist. LEXIS 41650, *18 (M.D. Fla. Mar. 13, 2018); *Pariseau v. Built USA, LLC*, 619 F. Supp. 3d 1203, 1207 (M.D. Fla. 2022) ("[A] text message is a telephone call under the TCPA.").

The FCC regulations prohibit telemarketers "from soliciting residential telephone subscribers who have registered their numbers on the [National Do Not Call Registry]." *Brown v. Funding*, 2023 U.S. Dist. LEXIS 60879, *6 (M.D. Fla. April 6, 2023). A "telephone solicitation" is "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" 47 U.S.C. § 227(a)(4); *see also* 47 C.F.R. § 64.1200(f)(15).

Rosser registered her telephone number with the National Do Not Call Registry. (Doc. 1 ¶ 11.) Yet, she received text messages from Growin in May and July of 2023 encouraging her to purchase client referral services. (Doc. 1 ¶¶ 18-19.) Taking these facts as true, Rosser has stated a plausible claim for relief under the TCPA.

**D. Damages**

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default." *Baumann v. Prober & Raphael*, No. 615CV1951ORL40GJK, 2017 WL 10350673, at *2 (M.D. Fla. May 17, 2017). Instead, the court must ensure there is a legitimate basis for any damage award it enters. *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

Generally, damages as part of a default judgment cannot be awarded without a hearing "unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Organizacion Miss Am. Latina, Inc. v. Urquidi*, 712 F. App'x 945, 948 (11th Cir. 2017). Nor is a hearing needed if "the record adequately reflects the basis for award . . . by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). But it is not enough for a plaintiff seeking default judgment to "merely tell[] the Court in summary fashion what [her] damages are[.]" *Cabbil v. Res. Horizons Grp., LLC*, No. 2:14-

7

CV-2017-JHH, 2015 WL 1840476, at *2 (N.D. Ala. Apr. 22, 2015). She must "show the Court what those damages are, how they are calculated, and where they come from." *Id*. If she fails to do so, an evidentiary hearing is required. *Organizacion Miss Am. Latina*, 712 F. App'x. at 948.

Rosser seeks $3,000 in statutory damages and injunctive relief prohibiting Growin from continuing to message her in violation of the TCPA. (Doc. 1 ¶¶ 41-43.) These components are addressed in turn.

### 1. Rosser has Shown Entitlement to $1,000 in Statutory Damages

Statutory damages are awardable under the TCPA. 47 U.S.C. § 227(c)(5)(B). Because such damages are liquidated, they may be awarded without a hearing if there is "sufficient evidence [] in the record" to support the award. *Brown*, 2023 U.S. Dist. LEXIS 60879, at *15; *Ewton v. Pushpin Holdings, LLC*, No. 816CV00978CEHTBM, 2017 WL 882081, at *2, 4 (M.D. Fla. Mar. 6, 2017).

"A plaintiff is entitled to either actual monetary losses or $500 in damages, whichever is greater, for each violation of the TCPA." *Ewton*, 2017 WL 882081, at *4. To obtain statutory damages, Rosser need only show Growin violated the TCPA. *Whittaker v. Real Est. Heaven Int'l Inc.*, No. CV-21-08212-PCT-DJH, 2022 WL 1540168, at *3 (D. Ariz. May 16, 2022). But to obtain treble damages on default judgment, the complaint must show that Growin "knew that [it] was performing the conduct that violates the statute." *Shelton v. CSG*

8

*Sols. Consulting LLC*, No. 618CV1335ORL41KRS, 2019 WL 11504659, at *3 (M.D. Fla. Feb. 5, 2019).

The allegations in the complaint, admitted by Growin, show the company twice violated the TCPA. (Doc. 1 ¶¶ 18-19.) But they do not show that it did so willfully or knowingly. Instead, the allegations of knowledge are presented in summary fashion. (*Id.*) "A bare assertion in the complaint that a defendant willfully and knowingly violated the TCPA is a legal conclusion insufficient to establish this fact for purposes of" treble damages. *Shelton*, 2019 WL 11504659, at *3. Moreover, even in cases where plaintiffs have pled facts showing the defendant willfully violated the TCPA, "when liability is established through default judgment rather than the merits, courts routinely award the minimum statutory damages." *Brown*, 2023 U.S. Dist. LEXIS 60879, at *17 (collecting cases). The same result should follow here. Thus, because Rosser has shown only that Growin twice violated the TCPA, she can recover $1,000.00 in statutory damages.

### 2. Rosser Abandoned her Request for Injunctive Relief

Injunctive relief is also awardable under the TCPA. 47 U.S.C. § 227(c)(5)(A). Rosser seeks injunctive relief in her complaint, but she omitted this request from her motion for default judgment. (Doc. 1 at 9, Doc. 21 at 3-4.) Thus, she abandoned any demand for injunctive relief. *See Diamond Resorts U.S. Collection Dev., LLC v. Saliba*, No. 6:20-CV-1668-PGB-LHP, 2022 WL

9

19479012, at *6 (M.D. Fla. Dec. 23, 2022). Not that it matters, but Rosser's requested injunction merely asks the Court to prohibit Growin from violating the TCPA. (Doc. 1 at 9.) The Court cannot issue an injunction that simply directs a party to obey the law. *Elend v. Basham*, 471 F.3d 1199, 1209 (11th Cir. 2006). Thus, the request for injunctive relief should be denied even if Rosser had not abandoned it.

### E. Rosser has Abandoned the Class Action

As mentioned, Rosser brought this case as a class-action. (Doc. 1.) But she no longer seeks to represent the class. (Doc. 23.) Accordingly, the Court should deny Rosser's request to represent a class of similarly situated persons.

Accordingly, the Court **RECOMMENDS** that:

1. Rosser's Motion for Default Judgment be **GRANTED** as to Growin's liability under the Telephone Consumer Protection Act and:

    a. Rosser be awarded $1,000 in statutory liquidated damages;

    b. Rosser's request for injunctive relief be denied as abandoned;

    c. Rosser's request to represent a class of similarly situated persons be denied as withdrawn;

2. The Clerk **MAIL** a copy of the Court's Order and any notice of hearing to Growin at the following address:

> Growin Estate, LLC
> C/o North West Registered Agent, LLC
> 7901 4th Street North, STE 300

10

      St. Petersburg, FL 33702

**RECOMMENDED** in Fort Myers, Florida on February 26, 2024.

_Kyle C. Dudek_
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.